[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 230.]

THE STATE EX REL. BRUGGEMAN, APPELLANT, *v.* INGRAHAM, JUDGE, APPELLEE.

[Cite as *State ex rel. Bruggeman v. Ingraham*, 1999-Ohio-27.]

*Prohibition—Writ sought to prohibit common pleas court judge and county prosecuting attorney from proceeding with a sexual predator classification hearing—Dismissal of complaint affirmed.*

(No. 99-1036–Submitted September 15, 1999–Decided November 24, 1999.)

APPEAL from the Court of Appeals for Auglaize County, No. 2-99-12.

_____

{¶ 1} In 1993, the Auglaize County Court of Common Pleas convicted appellant, Christopher R. Bruggeman, of three counts of gross sexual imposition in violation of R.C. 2907.05, and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Bruggeman* (Nov. 8, 1994), Auglaize App. No. 2-94-1, unreported, 1994 WL 645957.

{¶ 2} Effective in 1997, the General Assembly revised Ohio's sex offender registration laws by, *inter alia*, enacting a sexual predator classification provision in R.C. 2950.09. Section 3 of Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2668; see, also, *State v. Cook* (1998), 83 Ohio St.3d 404, 406, 700 N.E.2d 570, 574. Bruggeman's trial court scheduled a hearing for a determination pursuant to R.C. 2950.09(C) of whether Bruggeman should be classified as a sexual predator because of his 1993 gross sexual imposition convictions. Appellee, Judge Jeffrey R. Ingraham, was assigned to proceed in the case. When Bruggeman requested that his prison records office inform him whether the Ohio Department of Rehabilitation and Correction ("ODRC") had ever recommended that he be adjudicated a sexual predator under R.C. 2950.09(C)(1), the records office responded that "[o]nly the court can decide if you are a sexual predator" and that "[t]his decision will be made

in a hearing." The records office did not indicate that ODRC had ever made such a recommendation.

**{¶ 3}** In 1999, Bruggeman filed a complaint in the Court of Appeals for Auglaize County for a writ of prohibition to prevent appellees, Judge Ingraham and Auglaize County Prosecuting Attorney Edwin A. Pierce, from proceeding with the sexual predator classification hearing. Bruggeman claimed that Judge Ingraham lacked jurisdiction to proceed absent compliance with the R.C. 2950.09(C) requirement of an ODRC recommendation and, alternatively, that R.C. 2950.09(C) was unconstitutional. Before the time for appellees to respond to the complaint had expired, the court of appeals *sua sponte* dismissed the complaint because "the Auglaize County Court of Common Pleas still has jurisdiction to make a 'sexual predator' determination affecting [Bruggeman], and [Bruggeman] has the right to file a timely appeal and assign error to such a determination."

**{¶ 4}** This cause is now before the court upon an appeal as of right.

_____

*Christopher R. Bruggeman, pro se.*

*Edwin A. Pierce*, Auglaize County Prosecuting Attorney, for appellees.

_____

**Per Curiam.**

**{¶ 5}** Bruggeman asserts that the court of appeals erred in dismissing his prohibition action for failure to state a claim upon which relief can be granted. *Sua sponte* dismissal of a complaint for failure to state a claim is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Thompson v. Spon* (1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281, 1282. Therefore, we must determine whether Bruggeman's prohibition claims are frivolous or obviously without merit. *Id.*

**{¶ 6}** Bruggeman's claims against the prosecutor are obviously meritless and properly dismissed because the prosecutor is not seeking to exercise judicial or

2

quasi-judicial power in participating in the sexual predator classification hearing. See, *e.g.*, R.C. 2950.09(C); *State ex rel. Gray v. Leis* (1980), 62 Ohio St.2d 102, 16 O.O.3d 106, 403 N.E.2d 977; *State ex rel. Jefferys v. Watkins* (1994), 92 Ohio App.3d 809, 811, 637 N.E.2d 345, 347. In other words, the prosecutor is not exercising or about to exercise any power to *hear and determine* controversies that require a hearing resembling a judicial trial. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 71, 647 N.E.2d 769, 771.

{¶ 7} Further, Bruggeman's claim that Judge Ingraham lacks jurisdiction to conduct the R.C. 2950.09(C) sexual predator classification hearing because of that statute's alleged unconstitutionality is not cognizable in prohibition. " '[T]he unconstitutionality of a statute does not deprive a court of the initial jurisdiction to proceed according to its terms. Appellant has other remedies in the ordinary course of the law and by way of appeal.' " *Christensen v. Bd. of Commrs. on Grievances & Discipline* (1991), 61 Ohio St.3d 534, 537, 575 N.E.2d 790, 792, quoting *State ex rel. Crebs v. Wayne Cty. Court of Common Pleas* (1974), 38 Ohio St.2d 51, 52, 67 O.O.2d 61, 61, 309 N.E.2d 926, 927.

{¶ 8} Bruggeman asserts in his remaining prohibition claim that Judge Ingraham patently and unambiguously lacks jurisdiction to proceed with the sexual predator classification hearing because the ODRC has not recommended that Bruggeman be classified as a sexual predator, as required by R.C. 2950.09(C). If an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions. *State ex rel. Jackson v. Miller* (1998), 83 Ohio St.3d 541, 542, 700 N.E.2d 1273, 1275.

{¶ 9} Under R.C. 2950.09(C), the sexual predator classification hearing for offenders convicted of a sexually oriented offense,[1] sentenced prior to January 1,

---

1. R.C. 2950.01(D)(1) includes gross sexual imposition as a "sexually oriented offense."

1997, and still serving a term of imprisonment in a state correctional institution, may occur only after the ODRC recommends that the offender be adjudicated a sexual predator. See R.C. 2950.09(C)(1) and (2).[2]

{¶ 10} Nevertheless, Judge Ingraham can determine at the scheduled hearing whether the statutory prerequisite of an ODRC recommendation has been met, and it is premature to presume that he will proceed unlawfully. Therefore, Judge Ingraham does not *patently and unambiguously* lack jurisdiction so to proceed, and Bruggeman has an adequate remedy by appeal to contest any subsequent adverse judgment.

{¶ 11} Based on the foregoing, Bruggeman's claims are meritless, and the court of appeals properly dismissed them. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in part and dissents in part.

---

2. R.C. 2950.09(C) provides:

"(1) If a person is convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, *the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator*. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. *If the department determines that it will recommend that the offender be adjudicated as a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender* and shall enter its determination and recommendation in the offender's institutional record, *and the court shall proceed in accordance with division (C)(2) of this section.*

"(2)(a) *If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator*, the court is not bound by the department's recommendation and *the court may conduct a hearing to determine whether the offender is a sexual predator.* * * * " (Emphasis added.)

---

**COOK, J., concurring in part and dissenting in part.**

{¶ 12} I concur in the judgment and opinion of the majority affirming the dismissal of Bruggeman's prohibition claims against the prosecuting attorney and Bruggeman's claim against Judge Ingraham concerning the alleged unconstitutionality of R.C. 2950.09. I respectfully dissent, however, from that portion of the judgment affirming the dismissal of Bruggeman's remaining prohibition claim that Judge Ingraham lacks jurisdiction to proceed with the R.C. 2950.09(C) sexual predator classification hearing.

{¶ 13} As the majority concedes, under R.C. 2950.09(C), the sexual predator classification hearing for offenders convicted of a sexually oriented offense who have been sentenced before January 1, 1997 and are still serving a term of imprisonment in a state prison may occur *only* after the ODRC recommends that the offender be adjudicated a sexual predator. See R.C. 2950.09(C)(1) and (2). Bruggeman specifically alleged in his complaint that Judge Ingraham had scheduled a sexual predator classification hearing despite the absence of an ODRC recommendation.

{¶ 14} The majority erroneously concludes that Bruggeman's claim is premature, and that Judge Ingraham can decide this jurisdictional issue at the classification hearing. As we have consistently held, " 'when a tribunal patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction *regardless of whether the tribunal has ruled on the question of its jurisdiction*.' " (Emphasis added.) *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 497, 696 N.E.2d 1054, 1055, quoting *State ex rel. Hunter v. Human Resource Comm.* (1998), 81 Ohio St.3d 450, 452, 692 N.E.2d 185, 187. In fact, under R.C. 2950.09(C)(1), no hearing would be necessary to determine this issue because the

trial court has either received the required ODRC recommendation, which must be sent to that court, or it has not.

{¶ 15} Based on the foregoing, after construing the allegations of Bruggeman's complaint most strongly in his favor, as the court of appeals was required to do, it is not beyond doubt that ODRC has made and sent this recommendation to the trial court. Therefore, Bruggeman's claim that Judge Ingraham patently and unambiguously lacks jurisdiction to proceed because the statutory prerequisite to conduct a sexual predator classification hearing did not occur, is neither frivolous nor obviously without merit. See *State ex rel. Thompson v. Spon* (1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281, 1282.

{¶ 16} Accordingly, the court of appeals' *sua sponte* dismissal of Bruggeman's prohibition claim against Judge Ingraham based on the alleged absence of the required ODRC recommendation should be reversed and remanded for further proceedings, including permitting Judge Ingraham to respond to this claim and present evidence of any ODRC recommendation. In this regard, I concur where the majority indicates that if ODRC has not yet issued and sent its recommendation, it is not precluded from doing so, and thereby conferring jurisdiction on Judge Ingraham to proceed.

———————————