On this appeal from an order of Judge Nancy Margaret Russo, I concur in the majority's resolution of assignments of error one, three, and four, and concur in judgment only on assignment two. I would overrule Walls' second assignment of error because the Ohio Department of Rehabilitation and Correction (DRC) did in fact submit a recommendation, pursuant to R.C. 2950.09(C)(1), that he be designated a sexual predator, and that section allows the judge to proceed upon receiving the recommendation.[1]
The DRC determination is to be included in the inmate's institutional record, but it does not affect the judge's ability to proceed. I disagree, however, with the majority's incorrect contention that the decision in State v. Owen[2] is in any way in accord with the expansive and incorrect decisions in State v. Hardy[3] and State v. Blair.[4]
The Owen decision found that R.C. 2950.01(G)(3) deprived the trial judge of jurisdiction to make a sexual predator determination after the defendant had been released from prison, and that the fact that a DRC recommendation, pursuant to R.C. 2950.09(C)(1), had been made prior to his release could not extend jurisdiction to allow the hearing after his release. This issue has nothing to do with the decisions in Hardy and Blair, which interpret R.C. 2950.09(C) to allow the trial judge to begin sexual predator proceedings sua sponte. Those rulings not only violate the plain meaning of the statute and the strict construction of criminal statutes mandated by R.C. 2901.04, they also deny the right of access to the courts[5] by chilling a defendant's incentive to seek modification of his sentence or other remedies to which he may be entitled, and convert the trial judge into a prosecutor, thereby realizing constitutional separation of powers objections that have yet to be raised and addressed by this court.[6]
In State ex rel. Bruggeman v. Ingraham,[7] the Ohio Supreme Court stated that:
 Under R.C. 2950.09(C), the sexual predator classification hearing for offenders convicted of a sexually oriented offense, sentenced prior to January 1, 1997, and still serving a term of imprisonment in a state correctional institution, may occur only after the ODRC recommends that the offender be adjudicated a sexual predator.[8]
The Bruggeman court denied the requested writ only because the trial judge had not yet determined whether the recommendation requirement was satisfied, and found it premature to presume that he will proceed unlawfully.[9] The majority's decision here, as well as those in Hardyand Blair, are directly in conflict with the Ohio Supreme Court's interpretation of R.C. 2950.09(C).
[1] R.C. 2950.09(C)(2).
[2] (Feb. 25, 1999), Cuyahoga App. No. 72783, unreported.
[3] (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported.
[4] (May 27, 1999), Cuyahoga App. No. 73975, unreported.
[5] See, e.g., Seattle Times Co. v. Rhinehart (1984), 467 U.S. 20,36-37 nn. 22, 24, 104 S.Ct. 2199, 2209-10 nn. 22, 24, 81 L.Ed.2d 17, 29
nn. 22, 24; Blackledge v. Perry (1974), 417 U.S. 21, 28-29,94 S.Ct. 2098, 2102-03, 40 L.Ed.2d 628, 634-35.
[6] See State v. Copeland (Dec. 18, 2000), Cuyahoga App. Nos. 77333, 77500, 77501, 77502, 77517, unreported (Karpinski, J., concurring in judgment only in part and dissenting in part).
[7] (1999), 87 Ohio St.3d 230, 718 N.E.2d 1285.
[8] Id. at 232, 718 N.E.2d at 1288.
[9] Id.