This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Leon Schoolcraft aka Hazes and Hayes Schoolcraft, has appealed the decision of the Lorain County Court of Common Pleas that designated him a sexual predator under R.C. 2950.09. This Court affirms.
 I
On October 8, 1987, Appellant pled guilty to aggravated rape in violation of R.C. 2907.02. On February 8, 1988, Appellant was sentenced to ten to twenty-five years, with ten years imposed as actual incarceration. A hearing to determine sexual offender classification was held on May 17, 2001. At the hearing, Appellant requested that his institutional records be considered and that an independent psychological examination be conducted at the state's expense. The trial court granted Appellant's requests and the hearing was continued so the records could be delivered and Dr. Santamaria, the doctor requested by Appellant, could conduct an examination.
On June 28, 2001, the sexual predator hearing resumed and the trial court adjudicated Appellant a sexual predator. Appellant has appealed the adjudication, asserting three assignments of error.
 II Assignment of Error Number One The trial court erred to Appellant's prejudice in violation of the Fourteenth Amendment to the United States Constitution and Article One Section [sic] Ten and Sixteen of the Ohio Constitution by adjudicating Appellant a sexual predator in the absence of clear and convincing evidence.
In his first assignment of error, Appellant has argued that his classification as a sexual predator was not supported by clear and convincing evidence.
Sexual predator classification is governed by R.C. 2950.01 et seq. Pursuant to R.C. 2950.01(G)(3)[1], an offender is "adjudicated as being a sexual predator" if:
 Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and the court determines pursuant to [R.C. 2950.09(C)] that the offender is a sexual predator.
Because Appellant was sentenced prior to the effective date of R.C. 2950.09
and remained imprisoned after the effective date, the trial court was required to proceed under R.C. 2950.09(C). R.C. 2950.09(C) provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, * * * and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * [T]he court is not bound by the department's recommendation, and the court may conduct a hearing to determine whether the offender is a sexual predator.
R.C. 2950.09(C)(1); R.C. 2950.09(C)(2)(a).
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant pled guilty to rape, which is a sexually oriented offense. R.C. 2950.01(D)(1). Therefore, the only issue before this Court is whether the trial court's conclusion that Appellant was likely to engage in the future in a sexually oriented offense is supported by sufficient evidence.
In reviewing the trial court's decision to adjudicate Appellant a sexual predator, "we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard."State v. McKinney (Jan. 9, 2002), Medina App. No. 3207-M, unreported, at 4, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. "[T]he clear-and-convincing evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense[.]"State v. Williams (2000), 88 Ohio St.3d 513, 533, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 569. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross,161 Ohio St. at 477.
Appellant has argued that the determination that he is likely to commit a sexually oriented offense in the future is not supported by sufficient evidence. This Court disagrees.
In determining whether an offender is likely to engage in one or more sexually oriented offenses in the future, i.e. is a sexual predator, R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
While the trial court must consider all factors under R.C. 2950.09(B)(2), "[t]he State is not required to demonstrate every factor * * * before a defendant can be adjudicated a sexual predator." State v. Smith (June 2, 1999), Summit App. No. 18622, unreported, at 5.
At the sexual predator hearing, the trial court stated that it had received Appellant's institutional records and the evaluation of Appellant's independent expert, Dr. Santamaria. The state reiterated the factual basis for Appellant's rape conviction and highlighted the facts that were relevant under R.C. 2950.09(B)(2). The state utilized Dr. Santamaria's evaluation of Appellant to argue that Appellant is likely to commit another sexually oriented offense. The transcript shows that Dr. Santamaria linked Appellant's likelihood to reoffend with his past sexual acts and his use of alcohol. The state and the trial court quoted Dr. Santamaria as finding that "[Appellant's] sexual behaviors and his alcoholism make him a moderately high risk of re-offending." Appellant did not dispute the evaluation; he simply argued that Dr. Santamaria's opinion did not rise to the level of clear and convincing evidence of his likelihood to reoffend.
In making its sexual predator determination, the trial court considered the facts of the case, the pre-sentence investigation report ("PSI"), Dr. Santamaria's evaluation, Appellant's institutional records, and the parties' arguments at the sexual predator hearing. The record verifies that the trial court followed R.C. 2950.09(B)(2) in determining Appellant's classification. The trial court listed the criteria it found relevant in adjudicating Appellant a sexual predator.
Under R.C. 2950.09(B)(2)(a), the court cited the offender's age as a factor, stating that since Appellant was forty-six years old when he was convicted he was a "mature adult, cognizant of the consequences of his actions." Citing factor (b), the court noted Appellant's prior convictions for malicious destruction of property and leaving the scene of an accident. The court considered factor (c), the victim's ages, as relevant because the victims were under the age of thirteen. Under factor (d), the court noted the fact that Appellant assaulted two children. While the court did not find that drugs or alcohol were used to prevent resistance by the victims, it did note that due to the young age of the victims resistance would be expected to be limited. The court found a pattern of abuse under factor (h) because the sexual conduct occurred over a period of time and was continuous. Factor (i) was also noted as relevant because evidence showed that Appellant had threatened to beat one of the victims if she told anyone about the abuse.
The trial court's journal entry and the transcript of the hearing demonstrate that the trial court recognized Appellant's participation in sexual offender and alcohol abuse treatment programs. But the trial court also found that Appellant's statements in the PSI that one victim enticed him to have sex with her and Dr. Santamaria's evaluation outweighed his progress in treatment programs. The trial court agreed with Dr. Santamaria that due to the nature of Appellant's sexually oriented crimes and his alcoholism, he remains at a moderately high risk to re-offend.
After reviewing the evidence, this Court cannot conclude that the trial court erred when it adjudicated Appellant a sexual predator. Contrary to Appellant's assertion, the state established by clear and convincing evidence that Appellant is likely to commit in the future one or more sexually oriented offenses. Sufficient evidence existed to give the trial court a firm belief that Appellant is a sexual predator. Therefore, Appellant's first assignment of error is overruled.
 Assignment of Error Number Two Appellant was deprived of his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
In his second assignment of error, Appellant has argued that he was denied the effective assistance of counsel at his sexual predator hearing. Appellant has asserted that his counsel was ineffective because counsel did not call Dr. Santamaria to explain his evaluation and did not rebut the state's evidence on Appellant's likelihood to re-offend. Appellant has also claimed ineffective assistance of counsel because he believes his counsel presented no evidence in his favor. This Court finds no merit in Appellant's contentions.
In Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, the United States Supreme Court set forth a two-part test to determine if a conviction or sentence should be reversed based on ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient." Id. at 687. Deficiency is established by proving "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. Second, the defendant must demonstrate that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
Ohio's ineffective assistance of counsel standard is substantially similar to the Strickland standard. Appellant's counsel's "performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
A party claiming ineffective assistance of counsel has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy.State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153, 155-156.
As previously noted, Appellant's sexual predator hearing was held in two parts. At the initial proceeding, Appellant's requests for the production of his institutional records and an independent psychological evaluation were granted. A second and final hearing was held after the trial court and both parties were able to review the records and the evaluation. The transcript from the second hearing establishes that Appellant's counsel was not deficient. Appellant's counsel cleared up some confusion over potentially damaging statements written by Appellant regarding his responsibility for the abuse. Appellant's counsel competently dealt with Dr. Santamaria's evaluation. Appellant's counsel discounted the state's arguments regarding the evaluation, clarified the evaluation, and argued that it did not establish by clear and convincing evidence that Appellant was likely to commit another sexually oriented offense in the future. Based on the evidence in the record, Appellant has failed to meet his burden of proof. He has not shown that his counsel was deficient. Therefore, Appellant's second assignment of error is overruled.
 Assignment of Error Number Three The court lacked jurisdiction to go forward with the sexual predator hearing.
In his third assignment of error, Appellant has argued that the trial court lacked jurisdiction to hold the sexual predator hearing because the record does not reflect any recommendation by the Ohio Department of Rehabilitation and Correction ("ODRC") regarding Appellant's status as a sexual offender. Appellant has asserted that R.C. 2950.09(C) requires a recommendation from the ODRC before a trial court can hold a sexual predator hearing and adjudicate an offender a sexual predator. This Court disagrees.
Appellant's argument is based upon the narrow reading of R.C. 2950.09(C) that this Court rejected in State v. Shepherd (Feb. 6, 2002), Summit App. No. 409, unreported. See, also State v. Henes (Nov. 2, 2001), Lucas App. No. L-01-1222, unreported, 2001 Ohio App. LEXIS 4880, at *18-19 (holding that an ODRC recommendation is not a jurisdictional requirement that must be fulfilled in order for a trial court to engage in a sexual predator determination); State v. Walls (Nov. 21, 2001), Cuyahoga App. No. 79196, unreported, 2001 Ohio App. LEXIS 5188, at *8-9 (same). InShepherd, the ODRC completed a "sexual predator screening" form with respect to Shepherd, who had been convicted of rape, robbery, and aggravated burglary in 1981, and found that he should not be adjudicated a sexual predator. Id. at 2-3. The trial court subsequently convened a sexual predator hearing and found Shepherd to be a sexual predator. Id. Shepherd appealed, arguing that the trial court lacked jurisdiction to adjudicate him a sexual predator because the ODRC did not recommend that he be so designated. This Court held that a positive recommendation from the ODRC that an offender be adjudicated a sexual predator was not a prerequisite for a sexual predator hearing. Id. at 7. This Court now finds that a recommendation, either positive or negative, from the ODRC regarding an inmate's sexual offender status is not a prerequisite for a sexual predator hearing and a sexual predator adjudication, but merely a mechanism by which the trial court receives a sexual predator adjudication case.
R.C. 2950.09(C), which mandates the classification of sexual predators, does not contain any provisions stating that the trial court must receive an ODRC recommendation before a sexual predator hearing can be held and a classification determined. See R.C. 2950.09(C). Rather, the statute states that the trial court cannot adjudicate an offender a sexual predator without a hearing — an issue that is not contested in this case. See R.C. 2950.09(C)(2). Further, since the trial court is not bound by the ODRC's recommendation, it follows that the court can hold a hearing and classify sexual offenders without an ODRC recommendation. See R.C. 2950.09(C)(2)(a).
As we discussed in Shepherd, R.C. 2950.01(G)(3) controls the jurisdiction of the trial court to adjudicate an offender as a sexual predator. Id. at 10. Pursuant to R.C. 2950.01(G)(3):
 An offender is "adjudicated as being a sexual predator" if[:]
 (3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and the court determines pursuant to [R.C. 2950.09(C)] that the offender is a sexual predator.
R.C. 2950.01(G)(3) does not require an ODRC recommendation in order for the trial court to hold a sexual predator hearing or adjudicate an offender a sexual predator. In fact, R.C. 2950.09(G)(3) is void of any language that indicates that a recommendation by the ODRC is the sole path to a sexual predator hearing and finding.
For the foregoing reasons, this Court concludes that an ODRC recommendation is not a mandatory jurisdictional prerequisite for a sexual predator hearing and adjudication by a trial court.[2]
Accordingly, Appellant's third assignment of error is overruled.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] By amendment effective January 1, 2002, this provision was moved to R.C. 2950.01(G)(4). This Court, however, applies the law in effect at the time of Appellant's sexual predator hearing.
[2] This Court acknowledges that the Ohio Supreme Court discussed ODRC recommendations in State ex rel. Bruggeman v. Ingraham (1999),87 Ohio St.3d 230, but that case is distinguishable from the case subjudice and is not syllabus law. Bruggeman involved a writ of prohibition and the court did not reach the merits of the case. Accordingly, the court's discussion of R.C. 2950.09(C)(2) is not binding on this Court, but is merely dicta.