JOHNSON, APPELLANT, *v.* MARSHALL, JUDGE, APPELLEE.

[Cite as *Johnson v. Marshall,* 101 Ohio St.3d 418, 2004-Ohio-1498.]

(No. 2003–1916—Submitted March 15, 2004—Decided April 14, 2004.)

**Per Curiam.**

{¶ 1} In 1991, appellant, Robert L. Johnson, pled guilty to rape and was sentenced to prison.

{¶ 2} In 1996, the General Assembly enacted a sexual predator classification provision in R.C. 2950.09. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2618. Johnson's trial court scheduled a July 31, 2003 hearing under R.C. 2950.09(C) to determine whether Johnson should be classified as a sexual predator as a result of his 1991 rape conviction.

{¶ 3} On July 18, 2003, Johnson filed a complaint in the Court of Appeals for Scioto County for a writ of prohibition to prevent appellee, Scioto County Common Pleas Court Judge William T. Marshall, from proceeding with the July 31, 2003 sexual predator classification hearing. Johnson claimed that Judge Marshall patently and unambiguously lacked jurisdiction to conduct the hearing because the judge never received a statutorily required recommendation from the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 4} On July 31, 2003, Judge Marshall conducted a hearing at which Johnson stipulated that he was a habitual sexual offender. On August 1, 2003, Judge Marshall classified Johnson as a habitual sexual offender and ordered him to comply with the registration requirements of R.C. 2950.04, 2950.05, 2950.06, and 2950.07.

{¶ 5} Judge Marshall subsequently moved to dismiss Johnson's prohibition claim based on mootness. In his response to the motion, Johnson attached an April 24, 2003 letter from ODRC to the trial court recommending that several offenders, including Johnson, be designated as sexual predators. Johnson claimed that the letter was falsified, was never received by Judge Marshall, and was not sent in the proper form.

{¶ 6} On September 24, 2003, the court of appeals dismissed Johnson's complaint. This cause is before the court upon Johnson's appeal as of right.

{¶ 7} As the court of appeals correctly concluded, Johnson had an adequate remedy by way of appeal from Judge Marshall's August 1, 2003 judgment classifying him as a habitual sexual offender. See *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 232, 718 N.E.2d 1285 (court of appeals properly dismissed complaint for writ of prohibition to prevent trial court judge from proceeding with sexual predator classification hearing because relator could appeal issue concerning statutory prerequisite of ODRC recommendation).

{¶ 8} Based on the foregoing, Johnson's prohibition claim was properly dismissed. Therefore, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Robert L. Johnson, pro se.

Lynn Alan Grimshaw, Scioto County Prosecuting Attorney, and R. Randolph Rumble, Assistant Prosecuting Attorney, for appellee.

---

1. This renders moot Johnson's request for a stay of Judge Marshall's August 1, 2003 classification order.