DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the Court on the motion of the Attorney General to dismiss Robert Kinsler's petition for a writ of prohibition, filed February 11, 2008. For the following reasons, we dismiss Kinsler's petition for a writ of prohibition.
 {¶ 2} According to the petition, Kinsler was convicted of a sexual offense in the State of South Carolina in 1999. Kinsler resides in Montgomery County, and he has been reporting in Montgomery County as a sexually oriented offender. Kinsler states that he has been informed that he has been reclassified as a Tier II sex offender under the new sex offender classification scheme, which was enacted in Senate Bill 10, effective January 1, 2008. As a result of his reclassification, Kinsler is now required to report for 25 years. Kinsler asserts that R.C. Chapter 2950, as amended by S.B. 10, is *Page 2 
unconstitutional and the Montgomery County Sheriff and the Attorney General of the State of Ohio should therefore remove him from the new burdens that the amendments impose upon him. Kinsler requests a writ prohibiting the Montgomery County Sheriff from continuing to require his registration "beyond the date set for the termination of this registration."
 {¶ 3} On March 28, 2008, the Attorney General filed a motion to dismiss Kinsler's petition. The Attorney General asserts that Kinsler's petition for a writ of prohibition is, in reality, a request for a declaratory judgment and injunctive relief, and that a declaratory judgment action is an adequate remedy at law. The motion further claims that "[t]he Attorney General's mechanical and nondiscretionary implementation of reclassifying sex offenders, as required by SB 10, were not the exercise of judicial or quasi-judicial power required for prohibition" and the Attorney General's conduct was required by law. Third, the Attorney General states that the petition should be dismissed because S.B. 10 is constitutional.
 {¶ 4} Kinsler has not responded to the motion to dismiss.
 {¶ 5} "Prohibition is an extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." State ex rel.Henry v. Britt (1981), 67 Ohio St.2d 71, 73, 424 N.E.2d 297. To be entitled to a writ of prohibition, the petitioner must establish that: (1) the respondent is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. See State ex rel. Columbus S.Power Co. v. Fais, 117 Ohio St.3d 340, 2008-Ohio-849, *Page 3 884 N.E.2d 1, at ¶ 15.
 {¶ 6} First, we find no indication that either the Sheriff or the Attorney General is exercising judicial or quasi-judicial power with respect to reclassification. Judicial or quasi-judicial power is "any power to hear and determine controversies that require a hearing resembling a judicial trial." See State ex rel. Bruggeman v.Ingraham, 87 Ohio St.3d 230, 231, 1999-Ohio-27, 718 N.E.2d 1285. The Sheriffs responsibilities under S.B. 10 do not include reclassification or determining Kinsler's reporting requirements. Although R.C. Chapter 2950 vests the Attorney General with the responsibility to reclassify an offender under tier I, tier II, or tier III, an offender's tier is determined by the offense of which the offender has been convicted. R.C. 2950.01. Reclassification does not require a weighing of factors or an individualized assessment. Thus, we agree with the Attorney General that reclassification is an administrative act, not an adjudicative one.
 {¶ 7} Secondly, we conclude that Kinsler has an adequate remedy at law. An alternative remedy is adequate if it is complete, beneficial, and speedy. State ex rel. Beane v. City of Dayton, 112 Ohio St.3d 553,558, 2007-Ohio-811, 862 N.E.2d 97. Here, Kinsler has an adequate remedy at law by an action for declaratory judgment and a prohibitory injunction in the common pleas court. "Constitutional challenges to legislation are generally resolved in an action in common pleas court rather than in an extraordinary writ action." State ex rel. Scott v.City of Cleveland, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 22. Although any civil action requires some period of time to resolve, a declaratory judgment action is proper in cases where a speedy resolution "is necessary to preserve rights that may otherwise be impaired or lost." *Page 4 Freedom Road Foundation v. Ohio Dept. of Liquor Control (1997),80 Ohio St.3d 202, 204, 685 N.E.2d 522.
 {¶ 8} Upon review, Kinsler has failed to state a claim for extraordinary relief in prohibition. Because Kinsler cannot prevail on his request for extraordinary relief, the Attorney General's motion to dismiss is GRANTED, and the petition for a writ of prohibition is hereby DISMISSED.
SO ORDERED.
WILLIAM H. WOLFF, JR., Presiding Judge
JAMES A. BROGAN, Judge
 MIKE FAIN, Judge *Page 1