[Cite as *State ex rel. Allen v. Fleegle*, 2011-Ohio-5458.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE EX REL. JOHN DALE ALLEN | JUDGES:<br>Hon. John W. Wise, P.J. |
| Petitioner | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| v. | Case No. CT2011-0045 |
| MARK C. FLEEGLE, et al. | |
| Respondents | O P I N I O N |


CHARACTER OF PROCEEDING:      Writ of Mandamus


JUDGMENT:      Dismissed


DATE OF JUDGMENT ENTRY:      October 20, 2011


APPEARANCES:

For Petitioner                           For Respondents

JOHN DALE ALLEN                  JUDGE MARK FLEEGLE
c/o 28 North 4th Street              401 Main Street
S.B.4                                       Zanesville, Ohio  43701
Zanesville, Ohio  43701

*Wise, P. J.*

**{¶1}**   Relator, John Dale Allen, has filed a Petition for Writ of Mandamus requesting this Court issue a writ ordering Respondents, Judge Mark C. Fleegle and Judge Jay F. Vinsel, to release Relator from incarceration due to Relator's medical condition.

**{¶2}**   Initially, we find Relator has failed to comply with R.C. 2969.25 by not filing an affidavit detailing his prior civil filings.  We will nonetheless address the merits of Relator's Petition.

**{¶3}**   "A writ of mandamus will not be issued where there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. A civil rights action under Section 1983, Title 42, U.S.Code constitutes an adequate legal remedy which precludes extraordinary relief where state prisoners challenge the conditions of their confinement and their claims are limited to alleged violation of their federal constitutional and statutory rights. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306, 309. Section 1983 constitutes an adequate remedy, since it can provide declaratory, injunctive (both mandatory and prohibitive), and/or monetary relief. 1 Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees (2 Ed.1991) 830, Section 16.1." *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373.

**{¶4}**   "*Sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman*

*v. Ingraham* (1999), 87 Ohio St.3d 230, 231, 718 N.E.2d 1285, 1287." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663, 667.

**{¶5}** Because it is evident from the Complaint that Relator has or had an adequate remedy at law by way of a civil rights action under Section 1983, Title 42, U.S.Code, we will not issue the requested writ of mandamus and dismiss this cause for failure to state a claim upon which relief may be granted.


By: Wise, P. J.

Edwards and Delaney, JJ., concur.


_____


_____


_____

JUDGES

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE EX REL. JOHN DALE ALLEN        :
                                     :
        Petitioner                   :
                                     :
v.                                   :        JUDGMENT ENTRY
                                     :
MARK C. FLEEGLE, et al.              :
                                     :
        Respondents                  :        Case No. CT2011-0045


For the reasons stated in our accompanying Memorandum-Opinion, the Petition for Writ of Mandamus is dismissed for failure to state a claim upon which relief may be granted.

_____

_____

_____
                        JUDGES