[Cite as *State ex rel. Rothe v. Berens*, 2012-Ohio-1804.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO, EX REL | : | Hon. Patricia A. Delaney, P.J. |
| KRISTOPHER ROTHE | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. Julie A. Edwards, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2011-CA-62 |
|  | : |  |
| JUDGE RICHARD E. BERENS, | : |  |
| COMMON PLEAS COURT JUDGE | : | O P I N I O N |
| Respondent |  |  |

CHARACTER OF PROCEEDING:         Writ of Mandamus


JUDGMENT:                          Dismissed


DATE OF JUDGMENT ENTRY:           April 23, 2012

APPEARANCES:

For Relator                        For Respondent

MARK J. MILLER
SHAW & MILLER
555 City Park Avenue
Columbus, OH 43215

*Gwin, J.*

**{¶1}** Relator, Kristopher Rothe, has filed an Application/Petition for Writ of Mandamus requesting this Court issue a writ which would require Respondent to "properly dispose of count six of the indictment . . . and make the order final and appealable." Additionally, Relator has filed a motion for default judgment. Respondent has not filed an answer to the complaint nor any response to the motion for default judgment.

**{¶2}** Because we find the petition fails to state a claim upon which relief may be granted, we deny the motion for default judgment.

**{¶3}** "*Sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 231, 718 N.E.2d 1285, 1287." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663, 667.

**{¶4}** For a writ of mandamus to issue, the Relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and Relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

**{¶5}** Relator argues that because Count Six of the Indictment was dismissed without prejudice, Count Six remains pending. He further suggests as long as Count Six remains pending, the trial court has failed to issue a final, appealable order.[1]

---

[1] We note Relator has already appealed the same order which he now claims was not a final, appealable order. This Court affirmed his conviction and sentence in Fairfield Case Number 2009 CA 00060.

Finally, Relator argues any dismissal of Count Six must be contained within the final, appealable order. In the underlying case, the trial court signed a Nolle Prosequi as to Count Six which was journalized separately from the sentencing entry.

{¶6} With regard to the argument that the dismissal must be contained within the same document as the sentencing entry, the Supreme Court explained, "[O]ur holding in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, 'requires a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.'" *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 30, 936 N.E.2d 41, 41 (Ohio, 2010).

{¶7} Because there was not a conviction as to Count Six in the underlying case, its resolution is not required to be in the judgment entry of conviction. For this reason, Relator cannot demonstrate a clear legal right to have the entry of conviction contain both the dismissal as well as conviction.

{¶8} We also have recently addressed the issue of whether a dismissal without prejudice is a sufficient disposition to make an entry of conviction a final, appealable order. We held,

> [T]he Ohio Supreme Court stated, in dicta, that a prosecution ended by a nolle prosequi has the same effect as one ended by an acquittal-that "there can thereafter be no conviction of the accused *in that proceeding.*" *Id.* at 159. (Emphasis added).

When a criminal case is dismissed, it is over—except in the case where the dismissal is appealed. This dismissal was not appealed in appellant's case.

\*\*\*

In the case at bar, any retrial of appellant upon the dismissed charged would necessitate a new indictment and therefore constitute a new proceeding.

*State v. Manns* 2012 WL 195413, 4 (Ohio App. 5 Dist.).

**{¶9}** Likewise in this case, Relator can no longer be tried on Count Six where the Nolle Prosequi was entered. We find the Nolle Prosequi entered on the record prevents retrial of Relator except upon a new indictment.

**{¶10}** Relator is seeking to have the trial court enter a final, appealable order in his underlying criminal case. The trial court has already provided the order, therefore, the instant petition is moot. Further, Relator cannot establish the necessary elements required for the issuance of a writ of mandamus. For these reasons, the instant petition is dismissed as moot and for failure to state a claim upon which relief may be granted.

By Gwin, J., and

Delaney, P.J., concur

Edwards, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

WSG:clw 0224

EDWARDS, J., DISSENTING OPINION

{¶11} I respectfully disagree with the majority's analysis and disposition of Relator's Complaint. For the reasons stated in my dissent in *State v. Manns*, 2012 WL 195413 (Ohio App. 5 Dist.), I would find there was no final, appealable order in the underlying case. I would issue the writ and remand the case to the trial court for the purpose of having the trial court properly resolve count six of the indictment.

_____
  HON. JULIE A. EDWARDS

[Cite as *State ex rel. Rothe v. Berens*, 2012-Ohio-1804.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL          :
KRISTOPHER ROTHE           :
                                 :
                 Relator     :
                                 :
                                 :
-vs-                            :        JUDGMENT ENTRY
                                 :
JUDGE RICHARD E. BERENS,     :
COMMON PLEAS COURT JUDGE  :
                                 :
                                 :
          Respondent   :        CASE NO. 2011-CA-62

For the reasons stated in our accompanying Memorandum-Opinion, the writ of mandamus is dismissed.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS