[Cite as *Leath v. Cleveland*, 2016-Ohio-105.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102715**

---

## BRANDON LEATH

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-822469

**BEFORE:** Celebrezze, P.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 14, 2016

**ATTORNEYS FOR APPELLANT**

Stanley L. Josselson
Valentine Shurowliew
Stanley L. Josselson, Co., L.P.A.
The Marion Building, Suite 411
1276 West Third Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

**For City of Cleveland**

Barbara A. Langhenry
Director of Law
BY:    Jonathan S. McGory
City of Cleveland
Assistant Director of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio 44114

**For ABC Construction**

David M. Lynch
333 Babbitt Road
Suite 333
Euclid, Ohio 44123

**For Fano Martin, Agent**

Ken Rubenstein
2112 Acacia Park Drive, #505
Lyndhurst, Ohio 44124

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Brandon Leath, appeals the grant of summary judgment in favor of the city of Cleveland (the "City") and its Department of Building and Housing, ABC Construction, L.L.C. ("ABC Construction"), and ABC Construction's owner Martin Fano. The trial court found these appellees were entitled to judgment as a matter of law in Leath's action for taking without just compensation, negligence, conversion, trespass, and denial of due process. After a thorough review of the record and law, this court affirms in part, reverses in part, and remands.

## I. Factual and Procedural History

{¶2} Leath purchased a property in Cuyahoga County with a winning bid of $400 at a forfeited land sale conducted by the Cuyahoga County Sheriff. A Fiscal Officer's Deed was recorded on October 16, 2012, evidencing Leath's purchase. According to his complaint, Leath started to make improvements to the property with the intention of renting it out as a two-unit apartment. On April 9, 2013, the City issued a permit for the demolition of the house Leath purchased. The permit listed the owner of the property as "SFS Group (City of Cleveland)" and the contractor as ABC Construction. ABC Construction demolished the house on April 16, 2013, and a $7,598.00 bill was sent to Leath for the cost of demolition.

{¶3} The City had condemned the structure on the property in 2011, and its records document that a notice of demolition was sent to the owner of the property on June 23, 2011. No appeal of the notice was taken. Leath claims he was unaware of the

demolition notice.   He admits he was aware at the time he purchased the property that it was condemned sometime prior to his purchase.

{¶4} Leath filed a lawsuit against appellees alleging the City failed to properly notify him of the demolition, took his property without compensation, converted his property, was negligent in the manner in which the structure was razed, and that ABC Construction was negligent, trespassed on his property, and converted his property.   The City counterclaimed seeking payment for the demolition as well as attorney fees, costs, and court costs.

{¶5} The City filed for summary judgment on Leath's claims and its counterclaim.  ABC Construction also filed a motion for leave to file for summary judgment but never actually filed the motion and supporting brief.   On February 11, 2015, the trial court granted in part the City's motion for summary judgment.   It found the City was immune based on political subdivision immunity and that Leath's constitutional claims failed as a matter of law.   It also found ABC Construction was acting on behalf of the City, so it too was immune and dismissed the claims against it.   The court denied the City's motion as to its counterclaim, leaving the question of the bill for demolition outstanding.   The court included Civ.R. 54(B) language in its journal entry indicating there was no just reason for delay.   Leath then filed a notice of appeal assigning three errors for review:

> I.    The trial court erred in granting summary judgment against plaintiff-appellant Brandon Leath on his denial of due process claim because genuine issues of material fact remain to be resolved at trial as to whether Plaintiff Brandon Leath was properly notified of the City of Cleveland's plans to demolish his property.

II. The trial court erred in concluding in its opinion and order * * * that "* * * evidence supports a finding that the City followed the correct notice procedures * * * and lawfully abated a public nuisance by demolishing the building at 3398 East 119th St. in Cleveland, Ohio." (Emphasis deleted.)

III. The trial court erred in sua sponte dismissing plaintiff-appellant's claims against Defendants Martin Fano (in his individual capacity and capacity as agent of Defendant ABC Construction) and ABC Construction for failure to state a claim upon which relief can be granted.

## II. Law and Analysis

### A. Standard of Review

{¶6} Leath's first two assigned errors take issue with the trial court's grant of summary judgment. Civ.R. 56(C) provides,

A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶7} The movant for summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A fact is

material where it would affect the outcome of the suit under the applicable substantive law. *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## B. Constitutional Claims

{¶8} Political subdivision immunity does not apply to constitutional claims. R.C. 2744.09(E); *Cleveland v. Bedol*, 8th Dist. Cuyahoga No. 93061, 2010-Ohio-1978, ¶ 14. Therefore, these claims are examined outside the immunity context.

### 1. Due Process

{¶9} In his first assignment of error, Leath claims there are material questions of fact regarding his due process claim.

{¶10} The trial court found that Leath did not properly set forth a valid constitutional claim. His complaint fails to specifically reference any constitutional provision, and his reply brief to the City's motion for summary judgment failed to assert R.C. 2744.09(E) as a grounds to avoid immunity. ""Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to * * * put flesh on its bones."" *Embassy Realty Invests., Inc. v. Cleveland*, 976 F.Supp.2d 931, 944 (N.D.Ohio 2013), quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997), quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm.*, 59 F.3d 284, 293-294 (1st Cir.1995). Appellant now

raises R.C. 2744.09(E) and that constitutional claims are not barred by immunity for the first time. A failure to argue grounds below is reason enough to reject it when raised for the first time on appeal. But even if Leath properly raised this claim, it fails in this instance as set forth below.

{¶11} "Generally, the process that is due before the state may deprive an owner of property includes notice to the owner prior to the deprivation and an opportunity for a predeprivation hearing." *Harris v. Akron*, 20 F.3d 1396, 1401 (6th Cir.1994). Leath claims he was not given notice and an opportunity to be heard.

{¶12} R.C. 715.26(B) gives a municipal corporation, after providing notice to the owner, authority to demolish an unsafe structure that has been declared a public nuisance where the owner fails to provide an intent to repair, rehabilitate, or demolish the structure. Cleveland Codified Ordinances ("C.C.O.") 3103.09(h)(1) provides:

> In case the owner, agent or person in control fails, neglects or refuses to comply with the notice to repair or rehabilitate, or to demolish and remove a public nuisance or unsafe building, structure or a portion of those, the Director may take appropriate action to demolish and remove an unsafe structure or to remove or abate any condition that is defined as a nuisance under this chapter.

{¶13} R.C. 5301.253 places the burden of notification on the seller of condemned property to inform any buyer. The notification scheme in the statute was circumvented in this case because Leath purchased the property at sheriff's sale, but a different section of the statute dictates the outcome in this case. After setting forth the requirement that a seller of condemned property notify the buyer, R.C. 5301.253(A) continues,

Any notice * * * of a housing or building authority of the state or a political subdivision that relates to a violation of the building or housing code of the state or any political subdivision and that appears on the public records of the issuing authority is notice to all subsequent purchasers, transferees, or any other persons who acquire any interest in the real property in which the violation exists *and may be enforced against their interest in the real property without further notice or order to them.*

(Emphasis added.)

{¶14} Leath admitted in his complaint that he was aware that the property was condemned. This means Leath had actual notice of condemnation. Where a party has actual notice of condemnation and the property is subject to demolition, there is no due process violation for a failure to provide notice prior to demolition. *Cincinnati v. York Masons Bldg. Assn.*, 1st Dist. Hamilton Nos. C-080003 and C-080019, 2008-Ohio-4271, ¶ 37. The only consequential difference between these two cases is that the purchaser in *York Masons* was informed that the property was subject to immediate demolition. The additional information that the property was subject to immediate demolition is not a distinguishing factor because a condemned property is always subject to demolition after the abatement period has passed. C.C.O. 3103.09(h)(1).

{¶15} Further, Leath's actual knowledge of condemnation of the property placed the onus on him to inquire about the status of the property and to file for a rehabilitation permit. Leath's complaint is conspicuously silent on any communication with the building and housing department of the City about obtaining permits to repair the structure.

{¶16} R.C. 5301.253 contemplates the present situation where a purchaser takes title to property without being informed of housing code violations and leaves it up to the purchaser to examine the public records of the appropriate building authority to determine the status of the property.

{¶17} Leath claims R.C. 5301.253 does not apply to the present situation because the statute does not specifically mention demolition. However, the United States District Court for the Northern District of Ohio found the statute to encompass condemnation notices. *Embassy Realty Invests.,* 976 F.Supp.2d at 942. As explained above, where a property is condemned and the time for appeal has passed without appeal, the property is subject to demolition. There was no due process violation where Leath had actual knowledge of the condemnation of the property.

{¶18} Leath claims in his second assignment of error that the court erred in finding that notice was sufficient because the City properly complied with its procedures. Leath's actual notice of the condemnation leads to the conclusion that there was no error committed by the trial court.

{¶19} Leath points to an unreported 1978 case from the Seventh District for the proposition that actual notice of condemnation does not equate to notice of an intent to demolish and an opportunity for hearing. *Radvanski v. Steubenville*, 7th Dist. Jefferson No. 1273, 1978 Ohio App. LEXIS 9608 (Mar. 14, 1978). However, this case has never

been cited for this proposition. The statutory provisions that are discussed above state

the opposite and where actual knowledge of condemnation exists, notice exists.[1]

## C. Immunity

{¶20} Leath does not specifically assign error to the grant of summary judgment

for the remainder of his claims against the City, but does argue, in his third assignment of

error, that the court erred in dismissing his claims against ABC Construction and its

owner. Because these arguments relate to the determination that the City was immune,

this court will address political subdivision immunity related to the City and ABC

Construction.

### 1. Negligence, Conversion, and Trespass Claims Against the City

{¶21} For Leath's nonconstitutional claims, the trial court found the City and its

Building and Housing Department were entitled to summary judgment based on political

subdivision immunity. A three-tiered analysis is used to determine whether an entity is

entitled to immunity under the provisions of R.C. 2744.02 et seq. *Riffle v. Physicians &*

*Surgeons Ambulance Serv.*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000). R.C.

2744.02(A)(1) provides immunity to political subdivisions from tort actions with limited

exception:

> For the purposes of this chapter, the functions of political subdivisions are
> hereby classified as governmental functions and proprietary functions.
> Except as provided in division (B) of this section, a political subdivision is
> not liable in damages in a civil action for injury, death, or loss to person or
> property allegedly caused by any act or omission of the political subdivision

---

[1]Leath does not separately argue his takings claim, so this court will not address it.

or an employee of the political subdivision in connection with a governmental or proprietary function.

**{¶22}** There is no dispute that the City is a political subdivision under the statute. There is also no serious dispute that the demolition of a condemned structure that has been declared a nuisance is a governmental, as opposed to a proprietary, function. *See Slyman's, Inc. v. Cleveland*, 8th Dist. Cuyahoga No. 41789, 1980 Ohio App. LEXIS 10318 (Oct. 2, 1980).

**{¶23}** In general terms, there are five delineated exceptions in R.C. 2744.02(B) that act to remove immunity: (1) negligent operation of a motor vehicle by a subdivision employee, (2) negligent actions involving a proprietary function, (3) negligent failure to keep roads in order, (4) injuries that result from a physical defect on the grounds or buildings of a subdivision, and (5) where liability is expressly imposed by statute. Once a party suing the political subdivision establishes that one of the exceptions to immunity applies, the subdivision may regain the cloak of immunity by demonstrating that one of the defenses outlined in R.C. 2744.03(A) applies. *Riffle* at 361.

**{¶24}** The trial court issued a thorough and well-reasoned opinion setting forth its rationale for granting the City's motion for summary judgment on these issues. The trial court found that none of the provisions removing the general grant of immunity in R.C. 2744.02(A) applied. Leath has not pointed to anything to indicate the trial court's decision was erroneous or that the City is not entitled to summary judgment.

**{¶25}** Actions in tort that have come to be termed a claim for "wrongful demolition" generally are barred by political subdivision immunity. *Englewood v.*

*Turner*, 178 Ohio App.3d 179, 2008-Ohio-4637, 897 N.E.2d 213, ¶ 22 (2d Dist.). The City is entitled to immunity on Leath's nonconstitutional claims. No provision of R.C. 2744.02(B) is satisfied in this case.

## 2. Sua Sponte Dismissal of ABC Construction

{¶26} Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is only appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231, 718 N.E.2d 1285 (1999).

{¶27} The City hired ABC Construction to demolish the structure on Leath's property. ABC Construction was acting as an agent of the City at the time of the alleged trespass and negligence. However, the trial court found that ABC Construction and Martin Fano were not liable based on political subdivision immunity. That holding was in error. R.C. 2744.02(A) applies only to a political subdivision and its employees. There is at least a material dispute about ABC Construction's status as an employee or independent contractor. It is not obvious from the face of the complaint that Leath cannot recover under any set of facts. While ABC Construction may be entitled to summary judgment because it acted at the behest of the City, immunity may not attach to independent contractors and the complaint is not otherwise frivolous. Therefore, the trial court erred in sua sponte dismissing the claims against ABC Construction and Martin Fano.

## III. Conclusion

{¶28} Leath's claims against the City fail based on immunity and his actual notice of the condemnation of the property. Therefore, the City was properly entitled to summary judgment. ABC Construction may also be entitled to summary judgment, but it never moved for summary judgment and the trial court's sua sponte dismissal was improper because the complaint was not frivolous and it presented a set of facts under which Leath could prevail.

{¶29} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR