[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 313.]

THE STATE EX REL. KREPS, APPELLANT, *v.* CHRISTIANSEN, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Kreps v. Christiansen*, 2000-Ohio-335.]

*Court of appeals' dismissal of relator's complaint for extraordinary relief in mandamus, prohibition, and procedendo affirmed—Sanctions imposed for frivolous appeal pursuant to S.Ct.Prac.R. XIV(5).*

(No. 99-1682—Submitted February 9, 2000—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Lucas County, No. L-99-1217.

_____

{¶ 1} This case involves various *pro se* actions filed by appellant, Gene A. Kreps, an attorney. In February 1993, Kreps filed a complaint in the Toledo Municipal Court against Gregory and Robin Pesina for breach of a rental agreement. Kreps sought an estimated five thousand dollars for damages to the rental property and unpaid rent and water bills. The Pesinas filed a counterclaim alleging that Kreps had failed to return their $350 security deposit and requesting double damages and attorney fees. Following a bench trial, the municipal court granted the Pesinas' motion to dismiss Kreps's complaint and entered judgment in favor of the Pesinas for $2,325 on their counterclaim. The court of appeals affirmed the judgment. *Kreps v. Pesina* (Aug. 11, 1995), Lucas App. No. L-94-212, unreported, 1995 WL 479456.

{¶ 2} In September 1995, after the Pesinas initiated garnishment proceedings to collect their judgment, Kreps filed a motion for relief from judgment in which he claimed that the transcript of proceedings previously transmitted to the court of appeals was incorrect. The municipal court vacated one *nunc pro tunc* judgment awarding attorney fees incurred by the Pesinas after June 19, 1994, but denied the remainder of Kreps's motion attacking the original judgment. On

appeal, the court of appeals affirmed the judgment and also awarded the Pesinas their appellate attorney fees as costs. *Kreps v. Pesina* (Aug. 2, 1996), Lucas App. No. L-95-377, unreported, 1996 WL 430846, discretionary appeal not allowed (1996), 77 Ohio St.3d 1489, 673 N.E.2d 147. The court of appeals held that Kreps should have raised his claim about a defective transcript via motion under App.R. 9 while his previous appeal was pending.

{¶ 3} After the filing of more postjudgment motions, in November 1996 and January 1997, Kreps filed motions for the reassignment of a new judge to the municipal court case. Kreps attached an affidavit to his second motion in which he claimed that appellee Judge Francis C. Restivo, the municipal court judge presiding over his case, was biased against him. On February 12, 1997, Judge Restivo issued an entry ordering the clerk to forward the motions for reassignment to the Lucas County Court of Common Pleas, and indicating that he would not rule on pending motions for relief from judgment and additional attorney fees. Judge Restivo also ordered Kreps to pay the amount owed on the previously appealed judgment.

{¶ 4} Successive presiding judges of the Lucas County Court of Common Pleas denied Kreps's affidavits of disqualification against Judge Restivo, and on October 20, 1998, Judge Restivo denied Kreps's motion for relief from judgment, granted the Pesinas' motion for relief from judgment, and granted an additional award of attorney fees to the Pesinas in the amount of $3,125. On October 26, 1998, Kreps filed yet another affidavit of disqualification against Judge Restivo. Appellee Judge Thomas J. Osowik subsequently took over the case for Judge Restivo and issued a May 4, 1999 order for Kreps to pay the Pesinas' counsel.

{¶ 5} In a separate proceeding, on January 23, 1997, Kreps filed a complaint in the Lucas County Court of Common Pleas alleging that the Pesinas, their attorneys, and various Toledo officials had conspired to change the transcript of the municipal court proceeding in his previous appeal. The Pesinas' attorney filed a counterclaim for defamation against Kreps. The defendants filed a motion to

dismiss. In June 1997, the common pleas court issued an opinion granting the defendants' motion and dismissing the complaint. The entry did not expressly rule on the counterclaim. On August 26, 1997, the common pleas court denied Kreps's motion to set aside the judgment of dismissal and ruled that his motion for reassignment of a new judge was moot, "[s]ince all claims and all parties have been dismissed from this case." In December 1997, the court of appeals dismissed Kreps's appeal from the June 1997 entry because it failed to resolve the counterclaim and consequently did not constitute a final appealable order.

{¶ 6} In June 1998, Kreps filed a civil rights action under Section 1983, Title 42, U.S.Code in the federal district court against the same defendants in his common pleas court case as well as Judge Restivo and appellee Lucas County Court of Common Pleas Judge Robert Christiansen, alleging similar claims regarding the transcript of the municipal court proceedings. In January 1999, the federal district court entered judgment in favor of the defendants, and Kreps subsequently filed an appeal. On May 13, 1999, while the federal appeal remained pending, Judge Christiansen imposed Civ.R. 11 sanctions on Kreps for failing to appear for three scheduled depositions, entered a default judgment in favor of the Pesinas' attorney on his counterclaim for defamation, and scheduled a hearing to determine damages, attorney fees, and costs.

{¶ 7} In July 1999, Kreps filed a complaint in the court of appeals. He requested a writ of mandamus to compel Judge Christiansen to set aside his May 13, 1999 order in the common pleas court case, a writ of mandamus to compel Judge Restivo and Judge Osowik to set aside their February 12, 1997, October 20, 1998, and May 4, 1999 orders in the municipal court case, a writ of prohibition to prevent Judge Christiansen from taking further action in the common pleas court case while his federal appeal is pending, a writ of prohibition to prevent Judge Restivo from acting further in the municipal court case, and a writ of procedendo to compel appellee Lucas County Court of Common Pleas Judge William J. Skow

to act on Kreps's October 26, 1998 affidavit of disqualification against Judge Restivo. On August 5, 1999, before appellees' time to file a response to Kreps's complaint had expired, the court of appeals *sua sponte* dismissed the complaint.

{¶ 8} This cause is now before the court upon an appeal as of right.

_____

*Gene A. Kreps, pro se.*

*Doyle, Lewis & Warner*, *Steven Timonere* and *Kevin A. Pituch*, for appellees.

_____

***Per Curiam.***

{¶ 9} Kreps asserts in his various propositions of law that the court of appeals erred in *sua sponte* dismissing his complaint for extraordinary relief in mandamus, prohibition, and procedendo. Kreps claims that (1) the court of appeals should have entered a default judgment against appellees because they did not file an answer to the complaint, (2) he is entitled to writs of mandamus and prohibition against Judge Restivo and Judge Osowik to set aside orders and prevent further action because the claims between the parties exceeded the municipal court's monetary jurisdiction, (3) he is entitled to writs of mandamus and prohibition against Judge Restivo and Judge Osowik to set aside orders and prevent further action because of pending affidavits of disqualification, and (4) he is entitled to writs of mandamus and prohibition against Judge Christiansen because the case had already been dismissed. For the following reasons, we hold that Kreps's claims are meritless and affirm the judgment of the court of appeals.

{¶ 10} Kreps is not entitled to a default judgment against appellees because they are not in default. Under Loc.App.R. 6 of the Court of Appeals for the Sixth District, service of a complaint in an original action, other than habeas corpus, "shall be made without reference to a time for response" and the court of appeals, "if it deems that an answer is necessary, will issue an alternative writ which will set

4

forth the time for filing an answer or a motion to dismiss pursuant to Civ.R. 12(B)(6)." The court of appeals determined that no answer was necessary by *sua sponte* dismissing Kreps's original action because there was "no basis upon which Kreps is entitled to the issuance of any extraordinary writ." *Sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 231, 718 N.E.2d 1285, 1287.

{¶ 11} In addition, Kreps is not entitled to writs of mandamus and prohibition against Judge Restivo and Judge Osowik to set aside orders and prevent further action based on Kreps's contention that the parties' claims exceeded the Toledo Municipal Court's statutory monetary jurisdiction. R.C. 1901.17. Neither mandamus nor prohibition will issue if the relator possesses an adequate remedy in the ordinary course of law. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549, 551. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. Kreps's allegation in his complaint that the municipal court lacked jurisdiction because the "claims existing between [the] parties exceeded over Fifty Million Dollars" after he filed his common pleas court action erroneously consolidates the monetary claims in his *non*-municipal court proceedings. The exhibits filed by Kreps with his complaint disclose no violation of the monetary-jurisdiction requirement of R.C. 1901.17 by the municipal court. Therefore, Kreps failed to allege a patent and unambiguous lack of jurisdiction, and he has or had an adequate remedy by appeal to raise his claim. See *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 528-529, 620 N.E.2d

160, 162-163 (appeal from municipal court judgment raising monetary jurisdiction claim).

{¶ 12} Further, Kreps is not entitled to writs of mandamus and prohibition against Judge Restivo and Judge Osowik to set aside orders and prevent further action because of Kreps's affidavits of disqualification. Under R.C. 2701.031(D)(1), "[e]xcept as provided in divisions (D)(2) to (4) of this section, if the clerk of the municipal or county court in which a proceeding is pending accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, the affidavit deprives the judge of the municipal or county court against whom the affidavit was filed of any authority to preside in the proceeding until the judge who was notified pursuant to division (C)(1) of this section rules on the affidavit pursuant to division (E) of this section." See *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 299, 691 N.E.2d 253, 255 (writ of prohibition issued to prevent judge from proceeding on substantive matters like a contempt conviction and sentence after affidavit of disqualification had been filed).

{¶ 13} The municipal court judges did not patently and unambiguously lack jurisdiction to enter their challenged orders of February 12, 1997, October 20, 1998, and May 4, 1999, under R.C. 2701.031(D)(1). Judge Restivo's February 12, 1997 entry did not rule on pending, substantive motions for relief from judgment and additional attorney fees; he only ordered Kreps to pay what he had been previously ordered to pay on the previously appealed judgment, *i.e.*, he ruled on a ministerial matter. R.C. 2701.031(D)(1). And Judge Restivo's October 20, 1998 entry, which ruled on the pending, substantive motions, occurred *after* the presiding judge of the common pleas court denied Kreps's affidavits of disqualification against Judge Restivo. R.C. 2701.031(D)(1). Judge Osowik's May 4, 1999 order was also appropriate because the then-pending affidavit of disqualification was against Judge Restivo rather than him, and it was a successive affidavit of disqualification

filed by Kreps against Judge Restivo after Kreps's previous affidavits had been denied. R.C. 2701.031(D)(1) and (4).

**{¶ 14}** Moreover, Kreps is not entitled to writs of mandamus and prohibition against Judge Christiansen. Because neither Judge Christiansen nor any other common pleas judge had unconditionally dismissed the entire case, he did not patently and unambiguously lack jurisdiction to proceed. *Page v. Riley* (1999), 85 Ohio St.3d 621, 623-624, 710 N.E.2d 690, 692-693. As the court of appeals noted in December 1997, although the court's August 26, 1997 entry referred to a dismissal, no entry expressly resolved the Pesinas' attorney's counterclaim for defamation. Kreps also has an adequate remedy by appeal to raise his claims of inadequate service as well as his erroneous claim that his federal case "preempted" his common pleas court proceeding. See *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91, 637 N.E.2d 306, 309 (state common pleas courts have concurrent subject-matter jurisdiction over Section 1983, Title 42, U.S.Code federal civil rights claims); *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 18, 706 N.E.2d 765, 770 (*res judicata* is not the basis for a writ of prohibition).

**{¶ 15}** Finally, as the court of appeals correctly held, Kreps's claim for a writ of procedendo to compel Judge Skow to rule on his October 26, 1998 affidavit of disqualification against Judge Restivo was rendered moot by Judge Osowik's replacement of Judge Restivo in the municipal court proceeding. Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305.

**{¶ 16}** Based on the foregoing, all of Kreps's claims for extraordinary relief are meritless, and he has or had an adequate remedy by appeal to raise these claims. He failed to allege any special circumstances that would permit him to bypass his appellate remedy. *State ex rel. Wynn v. McCormick* (1998), 82 Ohio St.3d 420, 421, 696 N.E.2d 593. Dismissal was therefore warranted.

**{¶ 17}** In addition, for similar reasons, we impose sanctions pursuant to S.Ct.Prac.R. XIV(5). Kreps's appeal is frivolous because it is not reasonably well grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. See *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 635-636, 716 N.E.2d 704, 710-711. Although in *Grendell*, we imposed sanctions upon a request, which is lacking here, S.Ct.Prac.R. XIV(5) expressly authorizes the court to impose these sanctions on our own initiative. It is evident here that this meritless appeal warrants the imposition of sanctions. Therefore, we impose sanctions against Kreps under S.Ct.Prac.R. XIV(5), and order appellees to submit a detailed bill and documentation of the expenses and attorney fees of their counsel that have been or will be paid by the city of Toledo, Lucas County, and/or appellees in connection with this appeal.

**{¶ 18}** Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., not participating.

————————————