{¶ 1} On January 18, 2005, Relator, Vincent L. Lewis, filed a Writ of Procedendo with this Court seeking an order compelling the Mahoning County Court of Common Pleas to respond to his motions for credit for confinement awaiting trial and commitment pursuant to R.C. § 2967.191. Relator's motions were filed September 25, 2001 and April 23, 2003 in Mahoning County Court of Common Pleas case number 00 CR 816.
 {¶ 2} On March 10, 2005, this Court granted Respondent, the Mahoning County Court of Common Pleas, 28 days to respond. Thereafter on June 2, 2005, Relator filed a request for the imposition of sanctions against the Mahoning County Court of Common Pleas for its failure to respond within 28 days.
 {¶ 3} Respondent subsequently filed a motion to plead and motion to dismiss instanter on June 22, 2005. Respondent asserts that Relator's motions are moot since the Mahoning County Court of Common Pleas timely responded to his motions for credit on March 25, 2005. However, Respondent claims that due to administrative delays, its judgment entry granting Relator's motion for confinement credit was not filed with the clerk of courts until June 22, 2005. A copy of this entry is attached to Respondent's Motion to Dismiss Instanter.
 {¶ 4} This Court has previously recognized the principles demonstrating entitlement to a writ of procedendo:
 {¶ 5} "In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the party of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Sherrillsv. Cuyahoga Cty. Court of Common Pleas (1995), 72 Ohio St.3d 461, 462. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.State ex rel. Crandall, Pheils Wisniewski v. De Cessna (1995),73 Ohio St.3d 180, 184. An `inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 35
quoting State ex rel. Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104,110." State ex rel. Green v. Durkin, 7th Dist. No. 05 MA 18, 2005-Ohio-3940, at ¶ 5 quoting State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64, 65, 671 N.E.2d 24.
 {¶ 6} Since Respondent in the instant matter granted Relator's motion for confinement credit, his Petition for Writ of Procedendo is moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." State ex rel. Green, supra, at ¶ 6 quoting State ex rel. Kreps v. Christiansen (2000), 88 Ohio St.3d 313, 318,725 N.E.2d 663.
 {¶ 7} As such, Respondent's motion to dismiss Relator's petition instanter is granted, and Relator's Petition for Writ of Procedendo and Request for Sanctions are hereby dismissed as moot.
 {¶ 8} Final order. Clerk to serve notice as provided by the Civil Rules. Costs taxed against Relator.
Waite, J., concurs.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.