[Cite as *State ex rel. Foster v. DeWeese*, 2011-Ohio-3511.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO, EX REL., | : | W. Scott Gwin, P.J. |
| JOSEPH FOSTER | : | Sheila G. Farmer, J. |
|  | : | Julie A. Edwards, J. |
| Relator | : |  |
|  | : | Case No. 11CA1 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| JUDGE JAMES DEWEESE | : |  |
|  |  |  |
| Respondent |  |  |

CHARACTER OF PROCEEDING:          Writ of Mandamus Complaint

JUDGMENT:                                          Dismissed

DATE OF JUDGMENT ENTRY:          July 14, 2011

APPEARANCES:

For Relator                                          For Respondent

JOSEPH FOSTER                                  CHRISTOPHER R. TUNNELL
Inmate #523-838                                   Assistant Prosecuting Attorney
Mansfield Correctional Institute             Richland County Prosecutor's Office
P.O. Box 788                                        38 South Park, Second Floor
Mansfield, Ohio  44901                         Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Relator, Joseph Foster, has filed a Complaint for Writ of Mandamus and Procedendo requesting the trial court be ordered to enter a final, appealable order in Richland County Court of Common Pleas case number 2006-CR-0804-D. Respondent, Judge James DeWeese has filed a Motion to Dismiss wherein Respondent avers he fulfilled his duty to provide Relator with a final, appealable order.

{¶2} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶3} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen* (1937)*,* 133 Ohio St. 96, *106, 12 N.E.2d 144, 149.

{¶4} The trial court entered a sentencing order on April 3, 2007. In that order, the trial court sentenced Relator on Count 1 of the indictment. This was the only count upon which Relator was sentenced despite the fact Relator had been convicted on

Counts 1 and 3. On April 17, 2007, the trial court issued an entry explaining that the reason the entry of April 3, 2007, only contained a sentence as to Count 1 was because Counts 1 and 3 had been merged as allied offenses of similar import. Relator's sentence was not changed by the April 17, 2007 entry.

{¶5} The Supreme Court has outlined the necessary requirements for an order to be a final, appealable order in a criminal case, "We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." *State v. Baker* (2008), 119 Ohio St.3d 197, 201, 893 N.E.2d 163, 167.

{¶6} We find the order of April 3, 2007 contains (1) the manner of conviction which was by way of the jury's guilty verdict, (2) the sentence of ten years on Count 1 plus an additional three years for the gun specification, (3) the signature of the judge, and (4) the time stamp indicating the entry was entered on the clerk's journal. Because the entry contained all of the requirements to be a final, appealable order, we find Respondent fulfilled his duty.

{¶7}    The Supreme Court has held procedendo and mandamus will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed."  *State ex rel. Kreps v. Christiansen* (2000)*, 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶8}    Because the requested relief has already been obtained, the writs do not lie, and the motion to dismiss is granted.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

                    JUDGES

JAE/as0608

[Cite as *State ex rel. Foster v. DeWeese*, 2011-Ohio-3511.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL.          :
JOSEPH FOSTER                   :
                                :
                    Relator     :
                                :
                                :
-vs-                            :          JUDGMENT ENTRY
                                :
JUDGE JAMES DEWEESE             :
                                :
                Respondent      :          CASE NO. 11CA1


For the reasons stated in our accompanying Memorandum-Opinion on file, the complaint is dismissed.  Costs assessed to relator.


_____

_____

_____

JUDGES