[Cite as *State ex rel. Samples v. Heath* , 2012-Ohio-2880.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| THE STATE OF OHIO, EX REL. | : | W. Scott Gwin, P.J. |
| DOUGLAS LEE SAMPLES | : | Sheila G. Farmer, J. |
| | : | Julie A. Edwards, J. |
| Relator | : | |
| | : | Case No. 2012CA00035 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| JUDGE TARYN L. HEATH, STARK | | |
| COUNTY COURT OF COMMON | | |
| PLEAS | | |
| | | |
| Respondent | | |

CHARACTER OF PROCEEDING:       Writ of Mandamus and Procedendo

JUDGMENT:       Dismissed

DATE OF JUDGMENT ENTRY:       June 25, 2012

APPEARANCES:

For Relator

DOUGLAS SAMPLES, Pro Se
Inmate No. A541-614
P.O. Box 57
Marion, Ohio  43301

For Respondent

JOHN D. FERRERO, JR.
Stark County Prosecuting Attorney
RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Stark County Prosecutor's Office
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Relator, Douglas Samples, has filed a Complaint for Writ of Mandamus and Complaint for Writ of Procedendo. Samples raises five issues which he avers warrant the issuance of a writ. Respondent has filed a motion to dismiss arguing Relator has failed to state a claim upon which relief may be granted.

{¶2} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶3} First, Relator argues his sentencing judgment is void because the sentence was imposed by video rather than in person. This Court has approved the use of video resentencing. *State v. Dunivant* 2011 WL 6938330, 3 (Ohio App. 5 Dist.). Therefore, Relator cannot demonstrate a clear legal right to be sentenced in person. Further Relator has or had an adequate remedy at law because this is an issue which could have been raised on direct appeal. For these reasons, Relator has not demonstrated the required elements which would support the issuance of a writ of mandamus.

{¶4} Relator's second contention is that the trial court's second sentencing entry is void because the trial court failed to vacate the first sentencing entry prior to imposing the second entry. Relator provides no authority for this proposition, therefore, he has failed to demonstrate that Respondent has a clear legal duty to vacate the first sentence. For this reason, the requested writ of mandamus is denied.

{¶5} In his third claim for relief, Relator argues the second sentence was void because the jury failed to make a specific finding as to the degree of offense. This is an issue raised pursuant to the Supreme Court's holding in *State v. Pelfrey* (2007), 112 Ohio St.3d. 422. "A direct appeal from a final judgment of conviction is an adequate remedy at law, which bars a relator's mandamus action." *State ex rel. McKinney v. McKay* 2011 WL 3274082, 4 (Ohio App. 11 Dist.). Relator has or had an adequate remedy at law by way of direct appeal to raise this issue. For this reason, a writ of mandamus is precluded.

{¶6} In Relator's fourth mandamus claim, he argues his sentence is void because of the delay in resentencing. The crux of Relator's claim is that he still has not received a valid sentence, therefore, there has been a delay which violates his constitutional rights. We found in Case Number No. 2010-CA-00122 that Relator did receive a valid sentence. The Supreme Court has held procedendo and mandamus will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668. The trial court has already provided the requested final order, therefore, the instant petition is moot as to this claim. Further, Relator cannot establish the necessary elements required for the issuance of a writ of mandamus.

{¶7} Relator's final claim is one in procedendo and relates to Respondent's failure to rule on motions in the trial court which were pending at the time the instant complaint was filed. Writs of procedendo are limited to a superior court ordering a lower court to proceed, "[T]he limited purpose of the writ is to require a lower court to go

forward 'when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24." *State ex rel. Lemons v. Kontos* 2009 WL 4756269, 2 (Ohio App. 11 Dist.).

{¶8} Respondent has now ruled on the motions which were pending in the trial court making this portion of Relator's complaint moot.

{¶9} For these reasons, the instant petition is dismissed as moot and for failure to state a claim upon which relief may be granted.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/ads0507

[Cite as *State ex rel. Samples v. Heath* , 2012-Ohio-2880.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. DOUGLAS LEE SAMPLES | : | |
| | : | |
| Relator | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JUDGE TARYN L. HEATH, STARK COUNTY COURT OF COMMON PLEAS | : | |
| | : | |
| Respondent | : | CASE NO. 2012CA00035 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the Complaint is dismissed. Costs assessed to Relator.

_____

_____

_____

JUDGES