[Cite as *State ex rel. Peterson v. Durkin*, 2012-Ohio-3867.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. BOBBIE PETERSON, | ) ) ) | CASE NO. 12 MA 96 |
| RELATOR, | ) ) | OPINION |
| - VS - | ) ) | AND JUDGMENT ENTRY |
| JUDGE JOHN DURKIN, MAHONING COUNTY COMMON PLEAS COURT, | ) ) ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Relator's Petition for Writ of Procedendo; Respondent's Combined Answer and Motion to Dismiss.

JUDGMENT:     Petition for Writ of Procedendo Denied; Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:     Bobbie Peterson, *Pro Se*
#A506-955
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio  44901

For Respondent:     Attorney Ralph Rivera
Assistant Prosecutor
Mahoning County Prosecutor's Office
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  August 3, 2012

PER CURIAM:

¶{1} Relator Bobbie Peterson filed a Petition for Writ of Procedendo with this court on May 24, 2012. The petition requests this court to order Respondent Judge Durkin of the Mahoning County Common Pleas Court to rule on Relator's August 31, 2011 motion titled "Motion to Impose a Valid Sentence that Complies with R.C. 2941.25(A)." On May 29, 2012, Respondent filed a combined answer and motion to dismiss.

¶{2} The Ohio Supreme Court has explained that a writ of procedendo is appropriate when "a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). The criteria for relief in procedendo are well-established. Relator must demonstrate: (1) a clear legal right to proceed in the underlying matter; and (2) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 868 N.E.2d 270, 2007-Ohio-2882, ¶ 13.

¶{3} Attached to the combined answer and motion to dismiss is a judgment entry dated September 2, 2011, which states, "The Defendant's Motion to Impose a Valid Sentence Filed August 31, 2011, is overruled." 09/02/11 J.E. This attachment establishes that the trial court has proceeded to judgment; it issued a ruling on the August 31, 2011 motion. Thus, the trial court's performance of the act requested renders the petition moot and requires dismissal. *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 2004-Ohio-3652, ¶ 9. This is because procedendo cannot be used to compel the performance of a duty already performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318, 725 N.E.2d 663 (2000).

¶{4} Accordingly, the motion to dismiss is granted and the request for extraordinary relief is denied.

**¶{5}** Final Order. Clerk to serve notice as provided by the Civil Rules.

Vukovich, J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.