[Cite as *State ex rel. Cool v. Clark*, 2014-Ohio-284.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. THOMAS COOL, | ) | |
| | ) | CASE NO.   13 MA 167 |
| RELATOR, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| SARAH BROWN CLARK, | ) | |
| YOUNGSTOWN MUNICIPAL | ) | |
| COURT CLERK, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:       Petition for Writ of Mandamus.


JUDGMENT:       Petition for Writ of Mandamus Dismissed
As Moot.


APPEARANCES:
For Relator:       Attorney Gary Van Brocklin
P.O. Box 3537
Youngstown, Ohio  44513-3537


For Respondent:       Attorney Anthony Donofrio
Deputy Law Director
26 South Phelps Street
Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                    Dated:  January 21, 2014

PER CURIAM:

¶{1}   On October 23, 2013, Relator Thomas Cool filed a petition for writ of mandamus against Respondent Sarah Brown Clark in her capacity as Clerk of the Youngstown Municipal Court.  In the writ, Relator, a licensed surety bail bond agent, claims that he attempted to register his agency as a bonding agent for Youngstown Municipal Court but Respondent failed to accept that registration.  He claims that Respondent is under a clear legal duty pursuant to R.C. 2905.87 "to register Relator as a Surety Bail Bonding Agent and Company and to accept Bail Bonds written by Relator."

¶{2}   Respondent filed an answer and affirmative defense on November 20, 2013.  She asserted that the registration has been accepted, but at that point Relator had not yet been added to the list of court-registered surety bail bond agents. Respondent indicated that the list would be updated on December 1, 2013 and Relator would be included on that list.  Respondent then asked this court to dismiss the writ as moot.

¶{3}   On November 29, 2013, we issued an order requiring Respondent to file a copy of the December 1, 2013 list with our court.  Relator was informed that within 10 days from the date of the filing of the list he could file a motion with this court presenting arguments as to why the writ should not be deemed moot and dismissed.

¶{4}   On December 12, 2013 Respondent complied with our order and filed a copy of the list.  Relator has not filed any response to that filing.

¶{5}   In order to be entitled to a writ of mandamus, a Relator must establish: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996).

¶{6}   We do not need to address whether any of these elements are met. Respondent has already performed; the list filed with this court indicates that Relator's registration has been accepted and that he is on the list of court registered surety bail bond agents.  Mandamus will not compel the performance of a duty that has already

been performed. *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663 (2000). Thus, the petition for writ of mandamus is moot and is hereby dismissed.

¶{7} Final Order. Clerk to serve notice as provided by the Civil Rules. Costs taxed against Relator.

Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.