[Cite as *State ex rel. Joseph v. Licking Cty. Common Pleas Court* , 2014-Ohio-4953.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO,  ex rel., | : | JUDGES: |
| DAVID JOSEPH, SR. | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Relator | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| LICKING COUNTY COMMON | : | Case No. 14-CA-40 |
| PLEAS COURT | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Petition for Writ of Mandamus



JUDGMENT:                        Dismissed



DATE OF JUDGMENT:                November 4, 2014



APPEARANCES:

For Respondent                       For Relator

ANTHONY W. STOCCO                    DAVID A. JOSEPH, SR., Pro Se
Licking County Assistant Prosecutor  A626-391
20 S. Second Street                  Marion Correctional Institution
Newark, OH 43055                     940 Marion-Williamsport road
                                     P. O. Box 57
                                     Marion, OH 43302-0057

*Farmer, P.J.*

{¶1}    Relator, David A. Joseph, Sr., has filed a Petition for Writ of Mandamus requesting Respondent be ordered to conduct an oral hearing on a motion for judicial release filed by Relator in the trial court on December 12, 2013.

{¶2}    Respondent has filed a motion to dismiss based upon Relator's failure to comply with R.C. 2969.25 and based upon mootness.

{¶3}    For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶4}    Relator is an inmate at the Ohio Department of Corrections.  He has not filed an affidavit listing all prior civil actions as required by R.C. 2969.25 which provides,

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶5}   Ohio Rev. Code Ann. § 2969.25 (West)

{¶6}   "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Washington v. Ohio Adult Parole Auth.,* 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998). As held by the court of appeals, the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9 (an inmate's "belated attempt to file the required affidavit does not excuse his noncompliance. See R.C. 2969.25(A), which requires that the affidavit be filed '*[a]t the time that an inmate commences a civil action* or appeal against a government entity or employee.' " [emphasis sic] )." *State ex rel. Hall v. Mohr*, 2014-Ohio-3735.

{¶7}   Because Relator failed to file this affidavit of prior civil actions at the time the petition was commenced, the petition must be dismissed. Further, as to the issue of

mootness, the Supreme Court has held, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶8} Relator argues Respondent was required to hold an oral hearing on the motion, however, the judicial release statute provides, "[T]he court may deny the motion without a hearing or schedule a hearing on the motion. . ." R.C. 2929.20(D).

{¶9} Respondent issued a ruling on Relator's third motion for judicial release which is the subject of this action on May 20, 2014. Respondent was authorized by statute to do so without holding a hearing, therefore, the complaint is moot.

{¶10} Because Relator did not file the required prior civil actions affidavit and because the complaint has become moot, the motion to dismiss is granted, and this cause is dismissed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


SGF/as