[Cite as *State ex rel. Schreckengost v. Haas*, 2015-Ohio-3998.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO, EX REL., | : | Hon. W. Scott Gwin, P.J. |
| RICHARD RAY SCHRECKENGOST | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2015CA00033 |
|  | : |  |
| JUDGE JOHN G. HAAS | : |  |
|  | : | O P I N I O N |
| Respondent | : |  |

CHARACTER OF PROCEEDING:        Writ of Mandamus

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        September 28, 2015

APPEARANCES:

For Relator                                        For Respondent

RICHARD SCHRECKENGOST #137-291        RONALD MARK CALDWELL
2500 South Avon-Belden Road        Assistant Prosecuting Attorney
Grafton, OH 44044        110 Central Plaza South, Ste. 510
Canton, OH 44702

*Gwin, P.J.*

**{¶1}** Relator, Richard Ray Schreckengost, has filed a Petition for Writ of Mandamus against Respondent, Judge John G. Haas of the Stark County Court of Common Pleas. Relator seeks an order requiring Respondent to rule on a motion filed in the trial court titled "Motion to Correct Void Sentence/Clerical Mistake in Judgment of Sentence Pursuant to Criminal Rule 36" which was filed on December 11, 2014. Respondent has filed a motion to dismiss arguing the instant complaint has become moot.

**{¶2}** For a writ of mandamus to issue, the Relator must have a clear legal right to the relief prayed for, the Respondent must be under a clear legal duty to perform the requested act, and Relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

**{¶3}** However, the Supreme Court has held mandamus will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶4}    It appears Respondent has now ruled on the December 11, 2014 motion by way of its entry dated March 16, 2015.  Because Respondent has ruled on the motion in question, the instant petition has become moot.  For this reason, the motion to dismiss is granted, and the instant petition is dismissed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur