[Cite as *Mitchell v. Fleegle*, 2016-Ohio-5303.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHARLES A. MITCHELL | : | JUDGES: |
| | : | Hon., Sheila G. Farmer, P.J. |
| Petitioner | : | Hon., John W. Wise, J. |
| | : | Hon., Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| COMMON PLEAS COURT | : | Case No. CT2015-0049 |
| JUDGE MARK C. FLEEGLE | | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:        PETITION FOR
                                WRIT OF PROCEDENDO


JUDGMENT:                       DISMISSED


DATE OF JUDGMENT:               August 2, 2016


APPEARANCES:

For Respondent                      For Relator

Gerald V. Anderson, II #0092567     Charles A. Mitchell, Pro Se
Assistant Prosecuting Attorney      Ohio Inmate I.D. No. 588-633
Muskingum County, Ohio              16759 Snake Hollow Road
27 North Fifth Street, P.O. Box 189 Nelsonville, Ohio  45764
Zanesville, Ohio  43701

*Delaney, J.*

{¶1}  Relator, Charles A. Mitchell, has filed a Petition for Writ of Procedendo. Relator requests Respondent be ordered to rule on a motion filed in the trial court on May 15, 2015 requesting findings of fact and conclusions of law.  On October 5, 2015 Respondent ruled upon the motion.  Relator has also pursued an appeal from the October 5, 2015 entry.

{¶2  To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96, *106, 12 N.E.2d 144, * *149 (1937).

{¶3}  The Supreme Court has also held procedendo will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed."  *State ex rel. Kreps v. Christiansen,*  88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668 (Ohio,2000).

{¶4}  Because Respondent has issued a ruling on Relator's motion, the request for a writ of procedendo has become moot.  For this reason, the Petition for Writ of

Procedendo is dismissed.

By Delaney, J.

Farmer, P.J. and

Wise, J. concur.