[Cite as *In re Kraft v. Ault*, 2018-Ohio-510.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| IN RE: BRETT ALLEN KRAFT | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Petitioner | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-CA-48 |
| JUDGE JERRY AULT | : |  |
|  | : |  |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Writ of Mandamus

JUDGMENT:      Dismissed in part; Granted in part

DATE OF JUDGMENT ENTRY:      February 7, 2018

APPEARANCES:

For Petitioner

BRETT ALLEN KRAFT PRO SE
3735 Opdyke Road
Plymouth, OH 44865

For Respondent

CHRISTOPHER L. BROWN
Deputer Law Director
30 N. Diamond Street
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Petitioner, Brett Kraft, has filed a Petition for Writ of Mandamus seeking a writ of mandamus (1) requiring Respondent to issue findings of fact and conclusions of law relative to bond, (2) requiring Respondent to issue a final, appealable order, and (3) requiring Respondent to rule an outstanding motion filed by Petitioner. Respondent has filed a motion to dismiss.

## MANDAMUS

{¶2} "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31.

{¶3} We find Petitioner has not properly brought this action. R.C. 2731.04 provides, "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."

{¶4} Failure to comply with these requirements is grounds for dismissal. *Thorne v. State,* 8th Dist. No. 85024, 2004–Ohio–6288; *Maloney v. Court of Common Pleas of Allen County,* 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶5} Petitioner's claim Respondent is required to issue findings of fact and conclusions of law in support of Respondent's denial of bond and/or a bond hearing is without merit. Civil Rule 52 governs findings of fact and conclusions of law. Civil Rule 52 requires findings of fact and conclusions of law only where "questions of fact are tried by the court." The rule further states, "Findings of fact and conclusions of law required by

this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56."

{¶6} Denial of a bond or bond hearing is not the same as a trial, therefore, findings of fact and conclusion of law are not required. Petitioner has provided no authority in support of his position.

{¶7} Petitioner also complains Respondent has not issued final orders in Shelby Municipal Court Case Numbers TRD 1000062 and TRD 1200159 because Respondent has not issued "a decree in writing bearing his signature that Petitioner was found guilty or was made liable for any fines." (Amended Complaint, paragraph 1). We have reviewed the two entries from these cases and find they do contain findings of guilt, the sentence, and Respondent's signature. Therefore, Respondent has issued a final order in these cases.

{¶8} "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶9} Therefore, mandamus does not lie as to this claim because Respondent has already performed his duty by issuing final orders.

{¶10} Finally, Petitioner requests that a writ issue requiring Respondent to rule on a "Post-Conviction Relief Petition" filed in Shelby Case Number TRD 1200159 on October 3, 2012. We have reviewed the docket, and it does not appear Respondent has issued a ruling on the October 3, 2012 post-conviction petition.

{¶11} The Supreme Court has held, "procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel.*

*Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5; *see also State ex rel. Weiss v. Hoover,* 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999).

{¶12} Respondent did rule on a motion filed after the post-conviction petition was filed leading this court to believe the failure to rule on the October 3, 2012 motion is an oversight. However, Respondent has not addressed the failure to rule on the October 3, 2012 motion in his answer and motion to dismiss. Because the motion remains pending without explanation, we issue the writ requiring Respondent to rule on the October 3, 2012 post-conviction relief petition.

{¶13} For the foregoing reasons, the petition is dismissed except as to the ruling in the motion for post-conviction relief. A writ of mandamus is issued requiring Respondent to rule on the petition for post-conviction relief filed on October 3, 2012 in Shelby Case Number TRD1200159.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur