[Cite as *State ex rel. Bristow v. Frary & Sheldon*, 2018-Ohio-3178.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL<br>LONNY BRISTOW | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise Jr., J. |
| -vs- | : | |
| | : | |
| LINDA FRARY<br>Richland County Clerk of Courts | : | Case No. 18CA29 |
| | : | |
| and | : | |
| | : | |
| STEVE SHELDON<br>Richland County Sheriff | : | |
| | : | |
| | : | |
| Respondents | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Mandamus

JUDGMENT:     Dismissed

DATE OF JUDGMENT:     August 8, 2018

APPEARANCES:

For Relator:

Lonny Bristow
P.O. Box 1316
Wooster, Ohio 44691

For Respondent:

Gary D. Bishop
Richland County Prosecuting Attorney

Harrison L. Crumrine
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Delaney, P.J.*

{¶1}    Relator has filed a Petition for Writ of Mandamus requesting this Court order Respondents to comply with Ohio Revised Code Section 2335.30. Respondents have filed a motion to dismiss for failure to state a claim upon which relief may be granted. We converted the motion to a motion for summary judgment pursuant to Civ.R. 12(B).

FACTS

{¶2}    Revised Code Section 2335.30 provides,

> Within three months after being elected or appointed to office, each county officer shall make and post, in a conspicuous place in his office, for the inspection by all persons who have business in his office, a table of the fees to which he is entitled.

{¶3}    Relator visited Respondents' offices and could not locate a table of fees posted pursuant to R.C. 2335.30. Respondents provided affidavits in support of their motion to dismiss stating the tables of fees have been posted.

{¶4}    Respondent Frary's affidavit indicates she placed the table of fees on a bulletin board across from the clerk's office. While the affidavit provided by Respondent Sheldon's office indicates the table of fees has been placed "in a binder that is marked on the cover 'Richland County Sheriff's Office Records Policy & Fee Schedule,' which is located in a conspicuous place on the front counter of the Sheriff's Office's Records and Administration Office. . .", Relator takes issue with the manner in which Respondent Sheldon posted the table. Relator argues Respondent Sheldon has not complied with the statute because the table of fees was not "posted."

MANDAMUS

{¶5}     To be entitled to extraordinary relief in mandamus, [a relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [a respondent] to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012–Ohio–69, 960 N.E.2d 452, ¶ 6.

{¶6}     The purpose of the statute is to provide notice to the public of the fees the county office can collect.  The significance of the statute is the notice to the public and not the manner in which the notice is provided.

{¶7}     Relator appears to argue the notice must be hanging in the office in a vertical fashion, however, one definition of the verb post is to "display (a notice) in a public place."  Google Dictionary, https://www.google.com/search?q=definition+of+post&ie=utf-8&oe=utf-8&client=firefox-b-1 (July 9, 2018).

{¶8}     Respondent Sheldon has complied with the spirit and intent of the statute by displaying the table in a labeled binder in a conspicuous location for the public to view.  Likewise, Respondent Frary has complied with the statute by placing the table on a bulletin board in the hallway across from the clerk's counter.

{¶9}     The Supreme Court has held mandamus will not issue where the requested relief has been obtained, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶10}  Because Respondents have already complied with the statute, the complaint for writ of mandamus is dismissed as moot.


By: Delaney, J.

J. Wise, P.J. and

E. Wise Jr., J. concur.